**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC CITIZEN FOUNDATION<br>   1600 20th Street NW<br>   Washington, DC 20009,<br><br>               Plaintiff,<br><br>             v.<br><br>UNITED STATES DEPARTMENT<br>OF LABOR,<br>   200 Constitution Avenue, NW<br>   Washington, DC 20210,<br><br>   and,<br><br>OCCUPATIONAL SAFETY<br>AND HEALTH ADMINISTRATION,<br>   200 Constitution Avenue, NW<br>   Washington, DC 20210,<br><br>             Defendants. | Civil Action No. 18-cv-117<br><br>**COMPLAINT FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. Plaintiff brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the production of summary injury and illness records submitted to the Occupational Safety and Health Administration (OSHA) pursuant to the final rule entitled "Improve Tracking of Workplace Injuries and Illnesses," 81 Fed. Reg. 29624 (May 12, 2016) (the Final Rule).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Public Citizen Foundation is a non-profit public-interest organization that, among other things, works to promote openness in government, including by disseminating information to advance government accountability. Public Citizen Health Research Group (HRG) is a division of Public Citizen Foundation and submitted the FOIA requests at issue in this case. HRG promotes research-based, system-wide changes in health care policy, including in the area of occupational health.

5. Defendant Department of Labor (DOL) is an agency of the United States.

6. Defendant OSHA is the component of the Department of Labor that has possession of and control over the records that plaintiff seeks.

## STATEMENT OF FACTS

7. OSHA record-keeping regulations "require[] employers with more than 10 employees in most industries to keep records of occupational injuries and illnesses at their establishments." 81 Fed. Reg. at 29624 (citing 29 C.F.R. part 1904). "Employers covered by these rules must record each recordable employee injury and illness on an OSHA Form 300, which is the 'Log of Work-Related Injuries and Illnesses,'" and "must also prepare a supplementary OSHA Form 301 'Injury and Illness Incident Report' or equivalent that provides additional details about each case recorded on the OSHA Form 300." *Id.* "[A]t the end of each year, employers are required to prepare a summary report of all injuries and illnesses on the OSHA Form 300A, which is the

'Summary of Work-Related Injuries and Illnesses,' and post the form in a visible location in the workplace." *Id.*; *see* 29 C.F.R. § 1904.32(b)(5).

8. The purpose of the OSHA regulations cited above is to "require employers to record and report work-related fatalities, injuries, and illnesses." 29 C.F.R. § 1904.0. OSHA has stated that such reporting "does not mean that the employer or employee was at fault, that an OSHA rule has been violated, or that the employee is eligible for workers' compensation or other benefits." *Id.*

9. OSHA previously obtained forms 300, 301, and 300A only by requesting them during onsite inspections. The Final Rule, however, required certain establishments with 250 or more employees and select establishments in high-risk industries with 20 or more employees to electronically submit their 2016 summary Form 300As to OSHA by December 31, 2017. *See* 81 Fed. Reg. at 29625 (as amended by 82 Fed. Reg. 55761, 55764 (Nov. 24, 2017), and further amended by OSHA's press release dated December 18, 2018, https://www.osha.gov/news/newsreleases/trade/12182017).

10. For 2017 injury and illness records, these same employers will be required to submit electronically to OSHA information from all OSHA forms (300, 301, and 300A)—not only the summary information included on form 300A—by July 1, 2018. Beginning in 2019 and every year thereafter, the information on all three OSHA forms must be submitted by March 2.

11. The Final Rule provides that "OSHA intends to post the establishment-specific injury and illness data it collects under this final rule on its public Web site at www.osha.gov." 81 Fed. Reg. at 29625.

12.     On October, 13, 2017, Public Citizen submitted a FOIA request (the October Request) to DOL seeking the records submitted to OSHA under the Final Rule from August 1, 2017 through September 30, 2017. Specifically, Public Citizen sought:

> All records submitted to [OSHA] from August 1, 2017 to September 30, 2017, through OSHA's internet-based injury tracking application pursuant to the Final Rule "Improve Tracking of Workplace Injuries and Illnesses," 81 Fed. Reg. 29,624 (May 12, 2016), as revised at 81 Fed. Reg. 31,854 (May 20, 2016). The records should include, but are not limited to, electronically submitted information from OSHA Forms 300, 300A, and 301.

13.     Public Citizen intends to use the work-related injury and illness data submitted to OSHA to conduct research on issues of workplace health and safety.

14.     On October 18, 2017, DOL confirmed receipt of the October Request.

15.     On November 2, 2017, Public Citizen submitted a second FOIA request (the November Request) for the same types of records requested in the October Request, but this time for records submitted from October 1, 2017 to October 31, 2017.

16.     On November 6, 2017, DOL confirmed receipt of the November Request.

17.     By letter dated November 17, 2017, DOL denied both requests in their entirety.

18.     DOL's denial letter stated that OSHA had identified 23,416 records of OSHA Form 300A data submitted to the DOL from August 1, 2017 through October 31, 2017. DOL stated that it was withholding the records in their entirety under FOIA exemption 7(E), claiming that release of the records would "disclose OSHA's techniques and procedures for law enforcement investigations":

> Exemption 7(E) of the FOIA affords protection to all law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." As stated in the preamble to the Improve Tracking of Workplace Injuries and Illnesses final rule (see 81 FR 29624), OSHA plans to use the establishment-specific data for enforcement targeting purposes. Disclosure of the

data before and while it is being used to select establishments for inspection would in turn disclose OSHA's techniques and procedures for law enforcement investigations. Thus, OSHA has determined the data submitted under the electronic reporting requirements are exempt from disclosure while they are being used for enforcement targeting purposes, and the Agency must deny your request in full.

19. DOL further stated that the agency was not collecting Forms 300 or 301 at this time, citing 29 C.F.R. § 1904.41(c)(1).

20. By letter dated December 12, 2017, Public Citizen appealed the agency's decision to withhold the Form 300A records under FOIA exemption 7(E). Public Citizen's appeal explained that the records are not exempt under FOIA exemption 7(E) because the records were not compiled for law enforcement purposes, the release of the records would not disclose techniques and procedures for law enforcement investigations or prosecutions, and disclosure of the records could not reasonably be expected to risk circumvention of the law.

21. Public Citizen has received no response to its appeal and no further correspondence from DOL related to the October Request or November Request. Public Citizen has received no records from DOL in response to these requests.

22. Under 5 U.S.C. § 552(a)(6)(A)(ii), DOL had 20 working days to make a determination with respect to Public Citizen's December 12, 2017, appeal. More than 20 working days have passed since Public Citizen submitted the appeal, and DOL has not done so.

23. On December 18, 2017, Public Citizen submitted a third FOIA request (the December Request) for the same types of records from October 31, 2017 to December 18, 2017.

24. On December 21, 2017, DOL confirmed receipt of the December Request. Public Citizen has received no further correspondence from DOL related to the December Request. Public Citizen has received from DOL no records in response to December Request.

**CLAIM FOR RELIEF**

25. Public Citizen has exhausted all administrative remedies with respect to the October Request, November Request, and December Request.

26. Public Citizen has a statutory right to the records it seeks, and there is no legal basis for DOL's failure to disclose them.

27. Public Citizen is entitled to declaratory and injunctive relief compelling the release and disclosure of the requested records in response to the October Request, November Request, and December Request.

**PRAYER FOR RELIEF**

Wherefore, plaintiff requests that this Court:

A. Declare that defendants' failure to provide the requested records in response to plaintiff's FOIA requests is unlawful;

B. Order defendants to make the records responsive to plaintiff's FOIA requests available to plaintiff at no charge;

C. Award plaintiff its costs and reasonable attorney fees; and

D. Grant all other appropriate relief.

Dated: January 19, 2018                    Respectfully submitted,

/s/ Sean M. Sherman
Sean M. Sherman (D.C. Bar No. 1046357)
Michael T. Kirkpatrick (D.C. Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiff Public Citizen Foundation*